OPINION
On September 15, 2001, a complaint was filed with the Licking County Court of Common alleging that Appellant was a delinquent child due to the commission of acts which, if committed by an adult, would constitute the offense of Rape, in violation of R.C. § 2907.02(A)(1)(b).
On September 17, 2001, appellant appeared before the trial court and entered a plea of Denial to said charge.
On October 23, 2001, Appellant appeared before a magistrate for the juvenile court for the purposes of an adjudicatory hearing. At said hearing, Appellant withdrew his former plea of Denial and entered a plea of Admission.
The magistrate, after considering arguments of counsel, statements made by the Appellant and other evidence, sentenced Appellant, to a minimum of two years in the custody of the Department of Youth Services to a maximum period not to exceed Appellant's twenty-first birthday.
On October 24, 2001, the trial court accepted the decision of the magistrate.
On November 26, 2001, Appellant filed a pro se notice of his intent to appeal his adjudication with a request for an appointment of local counsel.
On November 29, 2001, Attorney Andrew Sanderson was appointed by the trial court to represent Appellant in this appeal.
On February 21, 2002, Attorney Andrew Sanderson submitted a brief pursuant to Anders v. California (1967), 386 U.S. 738.
On March 4, 2002, this court ordered Attorney Sanderson to comply with the procedures set forth in Anders. Subsequently, Attorney Sanderson served appellant with a copy of the Motion to Withdraw, the Anders Brief of the Appellant, and notified him that he may file a brief pro se within the next thirty days.
This court must now determine whether Attorney Sanderson's request to withdraw should be granted and whether to dismiss the instant appeal as wholly frivolous. In Anders, the United States Supreme Court established five criteria which must be met before a motion to withdraw may be granted:
 (1) A showing appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous.
 (2) A showing a motion to withdraw has been filed by appellant's counsel.
 (3) The existence of a brief filed by appellant's counsel raising any potential assignments of error.
 (4) A showing appellant's counsel provided to the appellant a copy of said brief.
 (5) A showing appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address. Id. at 744.
Upon a finding these criteria have been met, Anders explains:
 * * * the court-not counsel-proceeds, after full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on the merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal. Id.
We find the criteria established by the United States Supreme Court, inAnders, have been met. First, Attorney Sanderson represents to this court, through his "Motion to Withdraw", that he made a thorough review of the case and legal research; therefore, satisfying the first criteria. Next, Attorney Sanderson filed his Anders Brief of the Appellant on February 21, 2002, and his Motion to Withdraw on March 11, 2002, which satisfies the second and third criteria. Further, the Certificate of Service indicates that appellant was served a copy of the motion by regular U.S. Mail, which satisfies the fourth criteria. Finally, appellant was provided with an opportunity to file a brief prose; thereby, satisfying the fifth criteria.
This court has reviewed the sole assignment of error posed by appellant's counsel and has carefully and independently reviewed the transcript of the initial appearance, plea and disposition. After review, we find the motion to withdraw is appropriately filed. Further, the assignments of error or any potential assignments of error are not supported by the record.
Appellant's plea is governed by Juv.R. 29(D) which states as follows:
(D) Initial procedure upon entry of an admission
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
The court finds this rule has been fully complied with sub judice. Appellant was represented by counsel at the adjudication hearing. An inquiry by the trial court as to the voluntariness of appellant's plea is substantiated by the record. T. at 7-11.
After a full examination of all the proceedings, we further find this case is wholly frivolous. The record is devoid of any legal points arguable on the merits. Further, appellant did not file a brief pro se
raising any assignments of error to support this appeal.
Accordingly, Attorney Sanderson's Motion to Withdraw is granted and the appeal is dismissed.
By BOGGINS, J., GWIN, P.J. and HOFFMAN, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Appellant's appeal is dismissed. Costs to Appellant